IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID LEE MASSINGILL,

              Plaintiff,

    v.

WELLSTAR HEALTH SYSTEM,
INC., et al.,

              Defendants.

CIVIL ACTION FILE

NO. 1:15-CV-02978-WSD-JFK

## FINAL REPORT AND RECOMMENDATION

Pending before the Court is the September 23, 2015, order [Doc. 6] directing Plaintiff to show cause in writing why he has not returned the forms (USM 285, summons, and initial disclosures) required before the complaint can be served and to return the service forms, as previously ordered. The court advised Plaintiff that failure to respond to the show cause order and to return the service forms, as ordered, would result in a report and recommendation to the District Court to dismiss the complaint in this action. [Id.].

## I.    Procedural History

Plaintiff David Lee Massingill filed an application to proceed *in forma pauperis* in the above-styled action on August 24, 2015. [Doc. 1]. The court granted Plaintiff's

application to proceed *in forma pauperis* on August 26, 2015; the Clerk of Court mailed Plaintiff the forms (USM 285, summons, and initial disclosures) required before the complaint can be served; and the court ordered Plaintiff to return the forms within twenty days from the entry date of the court's order.  Plaintiff was advised that failure to return the forms in a timely manner could result in dismissal of the complaint.  [Doc. 2].  On September 23, 2015, when more than twenty days had elapsed and the record reflected that Plaintiff had not returned the service forms as ordered, the court ordered Plaintiff to show cause why he had failed to do so and to return the required forms within fourteen days of the court's order.  [Doc. 6].  The show cause order was sent to Plaintiff by certified mail with a return received on October 19, 2015, showing that the mail, sent to a Post Office Box (Plaintiff's address of record) was unclaimed; however, on October 6, 2015, the show cause order had also been sent to Plaintiff by regular mail to the Post Office Box designated as Plaintiff's address of record.  [Doc. 9; Docket Entries dated September 23, 2015, October 6, 2015].  More than fourteen days have elapsed since the show cause order was sent to Plaintiff by regular mail, and the record reflects that Plaintiff has not complied with the court's order to show cause nor has Plaintiff returned the forms required for service of the complaint.

2

## II.     Discussion

Local Rule 41.3A(2), N.D. Ga., provides in pertinent part that "[t]he court may, with or without notice to the parties, dismiss a civil case . . . if . . . (2) A plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case. . . ."[1]  The federal rules also provide for involuntary dismissal:  "The district court may dismiss an action *sua sponte* under Fed. R. Civ. P. 41(b) for failure to prosecute or failure to obey a court order."  Heard v. Nix, 170 Fed. Appx. 618, 619 (11th Cir. 2006); see also McIntosh v. Gauthier, 182 Fed. Appx. 884, 886 (11th Cir. 2006) (stating that Rule 41(b) allows a court to dismiss a complaint for failure to comply with a court order, with the federal rules or with the local rules); Sussman v. Salem, Saxon and Nielsen, P.A., 154 F.R.D. 294, 299 (M.D. Fla. 1994) (dismissal of an action pursuant to Rule 41(b) is appropriate "when a litigant has failed to obey a direct order of the court").  In Heard, the Eleventh Circuit Court of Appeals stated:

> [t]he legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.  Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances.

[1]Local Rule 41.3B, N.D. Ga., provides in pertinent part, that:  "In accordance with Fed. R. Civ. P. 41(b), a dismissal . . . operates as an adjudication upon the merits of the action unless the court specifies otherwise in its order of dismissal."

170 Fed. Appx. at 619 (citations and internal quotation marks omitted).  However, the circuit court noted, "We have upheld an involuntary dismissal with prejudice under Rule 41(b) when a *pro se* appellant not only exhibited a pattern of delay, but also received a warning of dismissal and refused to obey court orders to appear."  Id. (citations and internal quotation marks omitted); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

In this case, Plaintiff Massingill has not only exhibited a pattern of delay but, after receiving additional time to return the forms and being issued a warning of dismissal, has refused to obey the court's lawful order.  Plaintiff has not complied with the order to show cause, and Plaintiff has not returned the forms needed for the United States Marshal to serve the complaint after this court granted Plaintiff *in forma pauperis* status.  Dismissal of this action is, therefore, warranted.

## III.    Conclusion

For these reasons, the court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** due to his *pro se* status.

All matters referred to the undersigned have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this

4

Court's Local Rule 72.1, and Standing Order 14-01 (N.D. Ga. August 15, 2014).  The

Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED THIS** 28th day of October, 2015.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)